CLERK'S OFFICE U.S. DIST. C
AT HARRISONBURG, VA
FILED
NOV 05 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JULIA E. SOUTER, | ) |
| Plaintiff | ) |
| | ) Civil Action No. 5:14-cv-00054 |
| v. | ) |
| | ) By: Hon. Michael F. Urbanski |
| COMMONWEALTH OF VIRGINIA, et al., | ) United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Julia E. Souter, filed the instant complaint against the Commonwealth of Virginia, Warren County General District Judge Dale M. Houff, and attorney J. Daniel Pond, III, seeking leave to proceed in forma pauperis. For the reasons set forth below, Souter's application to proceed in forma pauperis will be **GRANTED** and her complaint will be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

Souter's complaint arises out of a 2010 Warren County General District Court case filed against her by Apple Mountain Lake South Property Owners Association for unpaid maintenance fees and late fees dating back to 1991. Judgment was entered against Souter on May 21, 2010 in the amount of $4,498.58, plus 6% interest, $58 in costs, and $2,500 in attorney's fees. Souter claims that in the course of this proceeding she was denied a jury trial, denied the right to remove her case to the Warren County Circuit Court, and denied appointment of counsel, all in violation of her constitutional rights. She further claims Judge Houff "added $1,000 additional Attorney fee[s]" as a "punitive punishment" and set a $7,000 appeal bond that essentially locked the case "into a non-appealable status." By way of remedy, Souter asks for the following: an order requiring the Commonwealth to pay the judgment, fees and costs assessed against her in the Warren County

General District Court; a declaration voiding as unconstitutional "the 2007 Changes in the Rules of the Supreme Court of Virginia that removed the right of a defendant or plaintiff to move their case from the General District Courts of Virginia to the Circuit Courts;" damages as a result of Judge Houff's "actions and Inactions;" an additional $10,000,000 in damages from the Commonwealth; and an order mandating that the Commonwealth require recording devices in all courtrooms. Souter also requests that the court certify this as a class action.

## II.

Souter moves to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). The court will grant Souter's motion to proceed in forma pauperis. However, after reviewing the complaint, the court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B), district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Souter seeks both monetary damages and equitable relief against the Commonwealth of Virginia. The Commonwealth enjoys sovereign immunity as the Eleventh Amendment bars suits brought by private individuals against states. See Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267–68 (1997) (citing Hans v. Louisiana, 134 U.S. 1 (1890)). Likewise, Judge Houff is immune from suit for monetary damages arising out of actions taken in his judicial capacity. Mireles v. Waco, 502 U.S. 9, 9 (1991).[1]

---

[1] Additionally, to the extent Souter is asking the court to review the Warren County General District Court's judgment against her, this action is barred by the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, a court may not entertain a complaint where "the losing party in state court file[s] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment[.]" Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291 (2005); see also Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

Souter also names attorney J. Daniel Pond, III as a defendant in this case, vaguely referencing his "actions/inactions." The court cannot discern what, if any, claims Souter asserts against Pond. Nor does she seek damages against him specifically. As such, Souter's complaint fails to state a claim for relief against Pond.

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For the reasons set forth above, Souter's complaint fails to state a legal claim upon which relief may be granted. She also seeks monetary relief against the Commonwealth and Judge Houff, both of whom are immune from such relief. Thus, her complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### III.

Accordingly, plaintiff's application to proceed in forma pauperis will be **GRANTED** and this matter will be **DISMISSED** and **STRICKEN** from the active docket of the court.

An appropriate Order will be entered.

Entered: November 5, 2014

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge